UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID N. CAPO** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-7212** |
| **STATE FARM FIRE & CASUALTY COMPANY** | * | **SECTION "L" (5)** |

### ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 9). For the following reasons, the Plaintiff's motion is DENIED.

**I.     BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home, which suffered damage as a result of Hurricane Katrina. The Defendant in this case is State Farm Fire and Casualty Company ("State Farm"), the Plaintiff's homeowners' insurance carrier. The Plaintiff's policy has coverage limits of $167,595 for dwelling, $16,759 for dwelling extension, and $125,696 for contents. To date, State Farm has paid $132,644.62 under the policy.

In August of 2007, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff alleges that he is entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law and damages for pain and anguish. The Plaintiff's petition contains no stipulation limiting the amount in controversy.

1

State Farm removed this case to federal court on October 23, 2007, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000.  On March 24, 2008, the Plaintiff filed the instant motion to remand, arguing that State Farm has failed to demonstrate that the amount in controversy exceeds $75,000.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The Plaintiff does not dispute that diversity of citizenship exists, however, he argues that the amount-in-controversy requirement is not satisfied in this case.

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages."  *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The defendant satisfies

its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).  Here, the amount remaining under the policy exceeds $175,000.  In addition, the Plaintiff also seeks bad-faith penalties and damages for pain and anguish.  Accordingly, the Court finds that State Farm has demonstrated that the amount in controversy exceeds $75,000 and, therefore, that diversity jurisdiction exists in this case.

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec. Doc. 9) is DENIED.

New Orleans, Louisiana, this 5th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE